AARON PLYMPTON, Appellant, v. ERNST A. BOEHME and Wife, Respondents.*

*Contract of sale of real estate — rights of assignees of — interests therein as between each other.*

When a contract for the sale and purchase of land is assigned by the purchasing party to two persons, so that each becomes entitled to a one-half interest therein, *held*, that if one of such persons pay to the owner of the land the entire contract-price and take a conveyance thereof to himself, he is bound, on being tendered by his co-assignee one-half of the purchase-money, to convey to him a one-half interest in the land.

Appeal from a judgment in favor of the defendants, entered on the report of a referee.

*J. Horr*, for the appellant.

*E. A. Nash*, for the respondents.

* This and the two following cases were decided at the January term, 1875.

MULLIN, P. J. :

Gideon Granger, at the time of his death, was owner in fee of the premises in question in this suit. By his last will, Francis Granger was appointed trustee for the sale of the real estate of which he died seized. Said trustee, on the 8th of April, 1868, contracted to sell and convey the land in question to Emily Beebe, for the sum of $2,705, to be paid as follows : $500 down, and the balance in six annual payments with interest, and upon the payment of $1,500 and all interest due, he was also to convey the said land to said purchaser, and take from her a bond for the unpaid purchase-money, secured by a mortgage on said premises. On the 13th of January, 1869, Mrs. Beebe, in consideration of $1,600 to her paid by William Gleason and James McCurley, assigned to them all her right, title and interest in said contract and in and to all moneys paid thereon, and she delivered possession of said premises to said assignees, and they paid the interest on the contract for the years 1869 and 1870. On the 7th of November, 1870, Gleason, for a valuable consideration, assigned his interest in said contract to Van Rensselaer Bates. On the 14th of February, 1871, Bates, for a valuable consideration, assigned his interest in said contract to the plaintiff in this suit. The defendant Boehme became owner of the interest of McCurley in said contract, but at what time does not appear.

At some time prior to May, 1871, Francis Granger died, and James C. Smith was appointed trustee in place of said Francis. Prior to the 8th of May, 1871, the plaintiff tendered to said Smith one-half of the amount due on the said contract of Mrs. Beebe, and demanded a conveyance of one-half of said premises. Smith refused to convey one-half, but proposed to convey them wholly to the plaintiff, if he would pay the balance due on said contract, and that he would notify the other party interested in the contract to pay up the amount due, or he would forfeit the contract, and then he would convey to plaintiff. Smith finally extended the time for such other owner to pay in. The plaintiff again tendered one-half the amount due, and again demanded a deed, but Smith declined to give two deeds of said premises, or to convey them to two persons, but, on the 8th of May, 1871, did convey the whole of them to defendant Boehme; and the plaintiff subsequently, and before

bringing this action, tendered to Boehme one-half the amount paid by him on said contract and a bond of indemnity against the mortgage he had given for part of the purchase-money to Smith, but Boehme refused to receive it and convey one-half to plaintiff, and then this action was brought to compel such conveyance.

The referee to whom the issues were referred for trial, nonsuited the plaintiff, and judgment of nonsuit was accordingly entered, and from it plaintiff appeals. In justification of the nonsuit, the respondents' counsel insists in his first point that Bates, plaintiff's assignor, acquired no interest in the contract, as the assignment was without consideration; that it was $100, and that was never paid to Gleason, the assignor. I find no color for such a proposition. The assignment in terms recites a valuable consideration, and there is not a word of evidence tending to show that the recital was not true. In a separate instrument, but attached to or written on the same paper with the assignment, it is said that $100 was deposited in the hands of one Decker, to be paid in a certain contingency to Gleason, but it is stated at the close of the case, that the partition suit out of which the contingency referred to arose, was discontinued before the assignment of Bates to the plaintiff, and that transaction has therefore no connection with this case.

The plaintiff then must be taken to be, by virtue of the assignment from Bates, the owner of one-half the interest of Mrs. Beebe in the contract from Granger. It was competent, doubtless, for Judge Smith to forfeit said contract by reason of the breach of its covenants on the part of Mrs. Beebe, but it is not proved that it was ever forfeited, nor is there any evidence from which such a forfeiture can be inferred.

The offer of performance by plaintiff, imposed upon Boehme the duty of accepting it and conveying to plaintiff the interest in the premises to which he is entitled.

It is not necessary now to decide whether the offer was in strict compliance with the terms of the contract. That will be best understood when the evidence is all in. If there has not been a full performance by the plaintiff, he will be charged with the costs of the action, and he will be entitled to a deed only upon a full compliance with the contract, and upon securing Boehme from

liability upon the bond and mortgage given to Judge Smith to the extent of one-half thereof and interest thereon.

Judge Smith was not bound to accept any of the offers of the plaintiff, as he was under no obligation to subject the estate to liability to litigation with more than one grantee.

The judgment must be reversed and a new trial ordered, costs to abide event.

Ordered accordingly.